[No. 1221, January 12, 1909.]

## MICHAEL A. ROSS, Appellee, v. CLARK M. CARR, EUGENE A. CARR, and THE ZUNI LUMBER AND TRADING COMPANY, Appellants.

### SYLLABUS (BY THE COURT).

1. As the sixth paragraph of the amended complaint sets up the making of a written contract; that such contract was extended and that the defendants authorized the plaintiff to continue his efforts and negotiations for a sale of the land, and that he did so continue them with the result that a sale was made, it sets up a cause of action, and the court properly overruled the demurrer to this paragraph of the amended complaint.

2. The court properly denied the motion made by the defendants that the plaintiff elect on which count of the amended complaint he would go to trial, for both counts set up but one cause of action, varying only the form of the statement of the action, so as to have them meet any state of proofs; and, when a plaintiff is in real doubt as to his relief, he has the right to set forth his cause of action in several counts.

3. There was no error in the refusal of the court to grant a continuance of the case when the plaintiff amended his complaint by increasing the ab damnum clause. The granting or a continuance rests in the sound discretion of the court, and in the case at bar that discretion was not abused, and in any event the defendants were not damaged, as the jury only returned a verdict for the amount of damages asked by plaintiff, before the ab damnum clause was increased.

4. The contract with Ross for the sale of the lands being a joint contract, a joint judgment against all of the defendants was proper.

5. There was no error in the admission by the court of evidence as to the transactions with Clark M. Carr, prior to December 8th, 1905, for the amended complaint sets out that in June, 1904, plaintiff was employed by defendants to procure purchasers for the lands, and that such work was continued until April, 1906, when the lands were sold, for the evi-

dence objected to goes to prove the transactions between
June, 1904, and December 8th, 1905.

6. No error was committed by the court in excluding the
admissions of Wirtz and the deposition of Gordon, as to Ross
being entitled to a share of his (Wirtz) commission, for as
Ross was a middle-man and did not act as a broker, he was
entitled to receive compensation from both the buyer and the
seller.

7. The court properly excluded evidence that plaintiff
had entered into an agreement with outside parties who had
supplied him with money, to give them a part of the com-
mission which he might receive for services performed in the
sale of the lands.

8. There was no error committed by the court in ex-
cluding that part of the evidence of E. L. Medler, as to con-
versations he had had with Ross, concerning the timber con-
tract of the Zuñi Mountain Lumber Company, as the sub-
stance of the excluded testimony, was that Ross had never
spoken to him (Medler) of the sale or assignment of the tim-
ber contract to Wirtz or others.

Appeal from the District Court for Bernalillo Coun-
ty before IRA A. ABBOTT, Associate Justice. Affirmed.

E. L. MEDLER, for Appellants.

"An offer to sell lands is personal to the proposed pur-
chaser. No estate is vested in him by the offer, and there-
fore, his heirs have no right to accept the offer after his
death." 29 A. & E. Enc. Law, 2 ed. 595; Sutherland v.
Parkins, 75 Ill. 342; Man v. Show, 51 Fed. 862; Neither
is the right assignable. 29 Enc. Law, 2 ed. 595; 1 Warville
on Vendors 187; Duncan v. Beard, 2 Nott & McC. 400,
404, cited in 1 Words & Phrases 584; Lechmere Bank v.
Boynton, et als, 11 Cush. 379, 380.

"The practice of pleading a double statement of the
case, so as to meet the exigencies of the proof is not per-
mitted under the code, as a general rule." Bliss on Code
Plead., sec. 118; Pom. Rem. & Rem. Rights, sec. 576;
Spalding v. Saltiel, 18 Colo. 86, 31 Pac. 586; Cramer

v. Oppenstein, 16 Colo. 504, 27 Pac. 716; Sturges et al
v. Burton et al, 8 Ohio St. 218; Fergusson v. Gilbert, 16
Ohio State 88; Stockridge Iron Co. v. Mellen, 5 How.
Pr. 439; Churchill v. Churchill, 9 How. Pr. 553; Dickens
v. N. Y. Cent. R. R., 13 How. Pr. 228; Lackey v. Vander-
bilt, 10 How. Pr. 161; Dunning v. Thomas, 11 How. Pr.
281; Fern v. Vanderbilt, 13 Abb. Pr. 72; Secor v. Sturges,
16 N. Y. 558.

"The broker, in order to be entitled to his commis-
sions, must have been the procuring cause of the trans-
action." 4 Enc. Law, 2 ed. 977; Loud v. Hale, 106 Mass.
404; Zeimer v. Antisell, 75 Cal. 509; Doonon v. Ives, 73
Ga. 295; Neufeld v. Oren, 60 Ill. Ap. 350; Sievers v.
Griffin, 14 Id. 63; Platt v. John, 9 Indiana App. 58;
Latshaw v. Moore, 50 Kan. 234; Tombs v. Alexander, 101
Mass. 255, 3 Am. Rep. 349; Chilton v. Butler, 1 ed. Smith,
N. Y. 150; Moses v. Bierling, 31 N. Y. 462; Smith v. Se-
attle, etc. R. Co., 72 Hun. N. Y. 202; Sussdorf v. Schmidt,
55 N. Y. 319; Wylie v. Marine Bank, 61 N. Y. 415;
Earp. v. Cummins, 54 Pa. St. 394, 93 Am. Dec. 718;
Keys v. Johnson, 68 Pa. St. 42; Pratt v. Bank, 12 Phila.,
Pa. 378; Brown v. Shelton, 23 S. W. Rep. Tex. 483; Mc-
Knight v. Thayer, 48 N. Y. 620; Lloyd v. Matthews, 51
N. Y. 132; Markus v. Kennedy, 19 Misc. 517; Wylie v.
Marine Bank, 61 N. Y. 416; Armstrong v. Wann, 29 Minn.
126; Hartley v. Anderson, 150 Pa. 391; Keys v. Johnson,
68 Pa. 42; Carson v. Baker, 2 Colo. Ap. 248; 2 Parsons
on Contracts, sec. 495.

Where it is in issue as to what an agreement ac-
tually is, a witness present at the negotiations may state
what he understood the parties agreed to. 3 Enc. of Ev.
520; Hale v. Taylor, 56 N. H. 405; Norris v. Merrill, 40
N. H. 395; Fisk v. Chester, 8 Gray 506; Thatcher v.
Phinnery, 7 Allen 146; Lombard v. Oliver, 7 Allen 155;
Delano v. Goodwin, 38 N. H. 203; Moody v. Davis, 10
Ga. 403; Printup v. Mitchell, 63 Am. Dec. 258; Foley
v. Abbott, 66 Ga. 247; Linsley v. Lovely, 26 Vt. 123;
State v. Lockwood, 58 Vt. 378; Wheeler v. Campbell, 34
At., Vt. 35; 28 Am. & Eng. Enc. of Law, 2 ed. 541;

Moses v. Salisbury, 49 N. Y. 638; Legh v. Heald, 1 Barn. & Adol. 624, in 20 Eng. Com. L. Rep.; Covington R. R. Co. v. Ingels, 15 B. Mon., Ky. 637.

"If the broker procures a purchaser for whom he is also acting as agent without disclosing the fact to the principal, it constitutes such a fraud as precludes him from recovering any commissions." Cannan v. Beach, 63 N. Y. 67; Farnsworth v. Hemmer, 1 Allen 494, 79 Am. Dec. 756; Claplin v. Farmers etc. Bank, 25 N. Y. 293; Gardner v. Ogden, 22 N. Y. 347, 78 Am. Dec. 192; Bell. v. McConnell, 37 Ohio St. 396, 41 Am. Rep. 528; Leathers v. Canfield, 45 L. R. A. 44; 4 A. & E. Enc. Law, 2 ed. 969, and cases cited in notes; Siegel v. Gould, 7 Lans. 177; Fritz v. Finnerty, Colo. 10 Curt L. J. 487; Duryea v. Lester, 75 N. Y. 452, cited in note to 45 L. R. A. 51; Story on Agency, sec. 31; Copeland v. Mercantile Ins. Co., 6 Pick. 198, 204; Pugsley v. Murray, 4 E. D. Smith 245; Rupp v. Sampson, 16 Gray 398, 77 Am. Dec. 416; Rice v. Wood, 113 Mass. 134; Walker v. Osgood, 98 Mass. 350; Bell v. McConnell, 38 O. St. 400; Myer v. Hanchett, 39 Wis. 423; Luke 16, 13; Walker v. Osgood, 98 Mass. 348; Smith v. Townsend, 109 Id. 500; Rice v. Wood, 113 Id. 133 s. c. 18 Am. Rep. 459; Bollman v. Loomis, 41 Conn. 581; Everhart v. Searle, 71 Pa. St. 256; Morrison v. Thompson, L. R. 9 Q. B. 480; Lynch v. Fallon, 11 R. I. 311, s.c. 23 Am. Rep. 458; Meyer v. Hanchett, 43 Wis. 246; Bell v. McConnell, 37 O. St. 396, 41 Am. Rep. 528; Strawbridge v. Swan, 43 Neb. 781; Campbell v. Baxter, 41 Neb. 729; Ormes v. Bauchy, 13 Jones 85; Rowe v. Stephens, 53 N. Y. 621; Raisin v. Clark, 41 Md. 158; McDonald v. Malz, 94 Mich. 172; Scribner v. Collar, 40 Mich. 375; Lloyd v. Colston, 5 Bush, Ky. 587; Hobart v. Sherburne, 66 Minn. 171.

"The obvious rule is 'that where two or more are jointly entitled, or have a joint legal interest in the property affected, they must in general, join in the action.' " Bliss on Code Plead., secs. 24, 45; Comp. Laws 1897, sec. 2685, sub-secs, 2, 4; Eaton v. Alger, 57 Barb. 179, 189; Hereth v. Smith, 33 Ind. 514; Cottle v. Cole, 20 Iowa

481; Minnesota Thresher Man. Co. v. Heipler, 49 Minn. 395, 51 N. W. 33; Young v. Hudson, 99 Mo. 102, 12 S. W. 132; McPherson v. Weston, 64 Cal. 275, 30 Pac. 842; Swift v. Ellsworth, 10 Ind. 205; Bartholomew Co. Com'rs. v. Jameson, 86 Ind. 154; White v. Miners' National Bank, 102 U. S. 658; Hardin v. Helton, 50 Ind. 319; Emmitt v. Brophy, 42 O. St. 82; Rice v. Savery, 22 Iowa 470; Blanchard v. Page, 8 Gray 281; Murray v. Warner, 55 N. H. 548; Adams v. O'Connor, 100 Mass. 515; Stafford v. Walter, 67 Hill, 84; Phoenix Ins. Co. v. Mitchell, 67 Hill. 43; Mizner v. Frazier, 40 Mich. 592.

"Where a party's right to compensation under the contract, is doubtful, and is contested on reasonable grounds, and suit is required in order to determine the amount due him, interest will not be allowed for the time preceding such determination." Shipman v. State, 44 Wis. 458; 16 Enc. Law, 2 ed. 1015.

"The defendants must each be shown to be liable to the extent of the verdict in order that a joint judgment should be rendered against them." Chambers v. Upton, 34 Fed. 473; 1 Black on Judgments, sec. 210.

"An agent who contracts in the name of his principal, is not liable to a suit on such contract." Parks v. Ross, 11 How. 374; 1 Enc. Law, 2 ed. 1119; Stanton v. Camp, 4 Barb. 274; Whitney v. Wyman, 101 U. S. 392, 25 L. ed. 1052.

O. N. MARRON and W. B. CHILDERS for Appellee.

"One may ratify the previous unauthorized doing by another in his behalf, of any act which he might then and could still lawfully do himself, and which he might then and could still lawfully delegate to such other to be done." Mechem on Agency; Weakens v. Watson, 27 Mo. 163; Beall v. January, 62 Mo. 434; Courcier v. Ritter, No. 3282 Fed. Cases; Montgomery v. Pac. Coast L. Bureau, 29 Pac. 640; Spearing v. Butler, 69 Ill. 575; Juda v. Trus. of the Vin. Uni. 16 Ind. 56; Shepherd v. Gibbs, 48 N. W. 179; 1 Clark & Skyles on Agency, secs. 106, 109; Gaines v. Miller, 111 U. S. 395, L. ed. Bk. 28, pp. 466, 467; Bronson's Execu-

Ross v. Carr, et. al.

tor v. Chappell, 12 Wall. 681 (683); Drakely v. Gregg, 8 Wall., U. S. 267; Wilson v. Sturgis, 71 Cal. 226, 229; Plant v. Thompson, 42 Kan. 664; Duclos v. Cunningham, 102 N. Y. 678, Book 21, N. Y. Ct. of App., Rev. ed with notes 494; Dupre v. Splane, 16 La. 51; Breedlove v. Wamack, 2 Mart., N. S. 181; Mechem on Agency, sec. 135, p. 91; Cook v. Fiske, 12 Gray 491; Pickett v. Badger, 1 C. B., N. S. 296; Tombs v. Alexander, 101 Mass. 255; McGavock v. Woodlief, 20 How. 221; Wylie v. Bank, 61 N. Y. 415; Sibbald Iron Co., 83 N. Y. 382; Zeimer v. al., 17 Pac. 642 (643); Eart v. Cummings, v. Am. Dec. 718 (719); Goss v. Stevens, 32 Minn. 472 (474); Stewart v. Mather, 32 Wis. 344; Gillette v. Ridge, 117 Mo. 553; Nesbitt v. Halser, 49 Mo. 383; Villey v. Pettit, 96 Ky. 576; Hoadley v. Savings Bank, 44 L. R. A. 321 (335); Coleman v. Meade, 13 Bush, 363; Lemon v. Lloyd, 46 Mo. App. 452 (456); Ward v. Cobb, 148 Mass. 518; Lunny v. Healey, 44 L. R. A. 393 (397).

"A cause of action arising on contract may be set forth in different counts, with allegations which are obviously designed to prevent variance between pleading and proof." 5 Enc. Pl. & Pr. 325, 324 and authorities cited in note 1; Wilson v. Smith, 61 Cal. 209; Walch v. Kettenborg, 8 Minn. 127; Jones v. Palmer, 1 Abb. Pr. 442; Blank v. Hartshorn, 37 Hun., N. Y. 101; Brinkman v. Hunter, 73 Mo. 172 (178); Compiled Laws 1897, sec. 2685, sub-secs. 32, 68, 85; Bliss on Code Pleading, 3 ed., secs. 119, 120; Schneider v. Schneider, 25 Ind. 399; Brinkman v. Hunter, 73 Mo. 172, 178, 179; Brownell v. P. R. R. Co., 47 Mo. 243; Brady v. Connelly, 52 Mo. 19; City of St. Louis v. Allen, 53 Mo. 49; Owens v. Hannibal & St. Joseph R. R. Co., 58 Mo. 386, 394; Byrdseye v. Smith, 32 Barb. 217; Jones v. Palmer, 1 Abb. Prac. Rep. 442; Welch v. Platt, 32 Hun., N. Y. 195; Hoadley v. Savings Bank, 44 L. R. A. 327, note B; Wagner v. Nogel, 33 Minn. 348; Sterns v. Dubois, 55 Ind. 258.

If the contract be even modified resulting in a valid contract of sale between the owner and purchaser, the com-

Ross v. Carr, et al.

missions of the agent are earned. Coleman v. Meade, 13 Bush. 363; Legman v. Lloyd, 46 Mo. App. 452; Zeidler v Walker, 41 Mo. App. 118; Hayden v. Grillo, 26 Mo. App. 289; Love v. Owens, 31 Mo. App. 501; Millan & Abbott v. Porter, 31 Mo. App. 563; McLure v. Luke, 154 Fed. 647; Woods v. Stevens, 46 Mo. 555, 556, 557; Ward v. Cobb, 148 Mass. 518; Brown v. Campbell, 12 Wall. 681.

"If the duty of the broker was simply to bring together two men who desired to exchange their lands, and the broker's entire duty was performed when he had brought the two men together, then we can see nothing against good morals and a sound public policy in allowing compensation to the broker from each of the parties. In such a case the broker is in no sense representing conflicting interests." Clark v. Allen 57 Pac. Rep. 985; Farnsworth v. Hemmer, 1 Allen, Mass., 494, 79 Am. Dec. 756; Rupp v. Sampson, 16 Gray, Mass. 401, 77 Am. Dec. 416; Knauss v. Brewing Co., 142 N. Y. 70, 36 N. E. 867; Empire State Ins. Co. v. American Cen. Ins. Co., 34 N. E. 201, 138 N. Y. 446; McLure v. Luke, 154 Fed. 647, 650, 651; Knauss v. Gottfried Krueger Brewing Co., 36 N. E. 867, 868; Young v. Trainor, 158 Ill. 428; O'Neill v. Sinclair, 153 Ill. 524.

"A stranger to a contract cannot join with the party thereof, in an action thereon, even though he may have an interest therein, as a sub-contractor or partial assignee under one party." 15 Enc. Pl. & Pr. 527; McKnight v. Watkins, 6 Mo. App. 118; Curtis v. Sprague, et al, 51 Cal. 239.

## STATEMENT OF FACTS.

On September 7th, 1906, Michael A. Ross, filed a suit in the District Court of Bernalillo County, to recover from the defendants the sum of $6,750.00, as compensation or commission for the sale of certain timber lands situated in the second Judicial District of this Territory. Eugene A. Carr, one of the defendants being a non-resident, an attachment was sued out against him and service was had by publication.

On February 19th, 1907, an amended complaint was filed by the plaintiff, which contained two alleged causes of action. The first count of this amended complaint was a repetition of the cause of action set up in the original complaint, and the second cause of action is upon a special contract in writing.

Clark M. Carr, and the Zuni Mountain Lumber and Trading Co., filed a joint answer which set up a general denial. Eugene A. Carr answered specially and his answer sets up three separate defenses, besides a general denial, to-wit:—that the options had expired by Dec. 8, 1905, when the option to J. J. Wirtz was executed, and that neither Wirtz or his associates availed themselves of the option. That the option of Dec. 8, 1905, was given upon the express understanding that the plaintiff was to sell the land to J. J. Wirtz and his associates and no others. That after the expiration of the Wirtz option defendant was negotiating with other purchasers, of which plaintiff had notice. The answer further alleges that after the option of December 8th, 1905, had expired and Wirtz and his associates had failed to avail themselves of its terms, and had abandoned the purchase, that Wirtz, acting as a broker. procured three persons to purchase the lands, and that Wirtz was paid a commission of $1,000.00 for his services, and that plaintiff was acting as agent and representative of Wirtz or as a co-partner, and that he was to obtain a commission or profit from Wirtz.

The second defense is that the plaintiff was the agent or broker of the purchasers to whom the defendants sold the land, and was acting for them in and about the sale of the land.

The third defense alleges, upon information and belief, that the plaintiff made a contract with J. E. Saint and C. M. Foraker, by which they were entitled to a one-third interest in any commissions upon a sale of timber lands in the Territory of New Mexico.

The reply denied all the new matter set up in the answer of Eugene A. Carr, and alleged that if any agreement was made with Foraker and Saint it was only an

agreement to pay certain porportional parts of the commissions to them after the same were collected and received by the plaintiff. A demurrer to the amended complaint was interposed and overruled.

Trial was had before a jury which returned a verdict in favor of plaintiff for the sum of $6,750.00, and the attachment proceedings against Eugene A. Carr, were also sustained.

Motion for a new trial was argued and overruled and from the joint judgment against all of the defendants this appeal has been taken.

### OPINION OF THE COURT.

MILLS, C. J.—1. The first error assigned is that the trial court committed error in overruling the demurrer interposed by the defendants to the sixth paragraph of the amended complaint.

This paragraph of the amended complaint is the one that sets up the second cause of action. Briefly, we may say that this paragraph sets out appellee's original employment and by whom employed; the subject matter of the employment and the price for which the property was to be sold, with the further allegation that although the time limited for the consumation of the sale had expired, that the contract was extended, and the defendants "authorized the said plaintiff to continue his negotiations and efforts which he was so making as aforesaid;" with a further allegation that the time was continued; and the allegation that thereafter, one J. J. Wirtz obtained an option to purchase the same land and further alleging that appellee continued his negotiations, "through the said Wirtz and under the said option and brought to the said defendants his proposed purchasers for said lands, Gordon, McFarlane and Garvin, who were associates of Wirtz," and further alleging that these negotiations were continued up to the month of April, 1906, when the lands were sold to these parties, through the efforts and negotiations of appellee. The price for which they were sold is also set out. It also sets out that all of these things were done with the full knowledge

of the defendants that the plaintiff was still endeavoring to procure purchasers for said lands, which finally resulted in the sale being made, and that the services of the appellee were reasonably worth five per cent of the purchase money received by the defendants for the sale of said lands.

Paragraph six of the amended complaint is of course set out at much greater length than we have set it out above. It does allege the making of a written contract, that the contract was extended and that the defendants authorized the plaintiff to continue his efforts and negotiations for a sale and that he did so continue them, with the result that finally the lands were sold.

We are of the opinion that paragraph six of the amended complaint sets out a cause of action, and that the court below would have committed error if it had sustained the demurrer, without giving Ross the opportunity to substantiate by proofs the allegations contained in it. The court below committed no error in overruling the demurrer interposed by the defendants to the sixth paragraph of the amended complaint.

2.   An examination of the record discloses that immediately after the jury was selected and sworn and before any evidence had been introduced the attorney for the defendants moved that the plaintiff elect on which of the two causes of action set out in the amended complaint he would proceed, and upon the court's overruling this motion and allowing the plaintiff to proceed on both causes of action, the second assignment of error is predicated.

The amended complaint does contain but one cause of action, but it is set out in two different ways. The first five paragraphs after setting out the names of the parties contain the allegation that during the month of June, 1904, the plaintiff was employed by the defendants to procure for them a purchaser for the timber lands and that if the plaintiff could sell the lands the defendants agreed to pay plaintiff for his services, work and labor the sum of five per cent upon the price that should be obtained for said lands. That from the month of June, 1904, to April, 1906, plaintiff worked and labored and rendered services in pro-

curing a purchaser for said lands and that in said last mentioned month plaintiff procured a purchaser to whom the lands were sold by the defendants at the price of $135,000. That the plaintiff was entitled to receive the sum of $6,750.00 for his compensation in procuring purchasers for said property, but that the defendants have refused to pay the same.

The second count set out in paragraph six, of the amended complaint, we have already set out briefly above. It goes more into detail of the transaction than the first count, and sets up the written contracts and options. It is obvious to even a casual reader, that but one transaction is set out in the amended complaint. Our code requires that a complaint must contain a statement of the facts on which the cause of action is based set out in ordinary and concise language. "A cause of action arising on contract may be set forth in different counts. with allegations which are obviously designed to prevent a variance between pleading and proof." 5 Enc. P. & P. p. 325; and the same rule is laid down in California from which much of our code is taken. The Supreme Court of that state says: "Under our code, which provides that the complaint must contain a statement of the facts constituting the cause of action in ordinary and concise language that plaintiff may set them out in two separate forms when there is a fair and reasonable doubt of his ability to safely plead in one mode only." Wilson v. Smith, 61 Cal. 209; and the Supreme Court of Missouri says—"The Circuit Court committed no error in refusing to compel the plaintiffs to elect upon which count of the petition they would proceed. It is well settled in this state that the provisions of the code requiring the plaintiff to set forth in his petition a plain and concise statement of the facts constituting a cause of action, without unnecessary repetition," does not prohibit the statement of a single cause of action in different counts, for the purpose of so varying the form of the statement as to meet any possible state of the proof. Brownell v. P. R. R. Co., 47 Mo. 243; Brady v. Connelly, 52 Mo. 19; City of St. Louis v. Allen, 53 Mo.

49; Owens v. Hannibal & St. Joseph R. R. Co., 58 Mo. 386, 394. So when two distinct and different claims are based upon the same instrument, although the plaintiff may be entitled only to a single satisfaction, both may be stated in the same petition, and should, of course, be stated in different counts. Birdseye v. Smith, 32 Barb. 217; Bliss on Code Pleading, sec. 120. "In neither case can the court compel the plaintiff to elect upon which count he will proceed." Brinkman v. Hunter, 73 Mo. 172, and the same doctrine is laid down in Jones v. Palmer, 1 Abb. Prac. Rep. p. 442, and in numerous other cases.

We do not think that in the case at bar the trial court committed any error in overruling the defendants' motion to have the plaintiff elect on which count of the amended complaint he would proceed. The sustaining or overruling of a motion like this is always largely in the discretion of the trial court. Mr. Bliss in his work on Code Pleadings (3rd ed.) sec. 120, says—"There may be actually two grounds for the action, or being only one, certain supposed grounds may be so connected, that the plaintiff may not be able to tell in advance which he will establish upon the trial. The code will have failed in its chief object if he is forbidden to develop any ground upon which he bases his right of recovery." We think that in a case like this, when a plaintiff is in real doubt as to his relief, that he has the right to set forth his cause of action in several counts, so as to meet the facts which are established on the trial.

3. The next alleged error is that the court refused to instruct the jury to return a verdict in favor of the defendants, The Zuni Mountain Lumber and Trading Company, and failed to give instructions 11 and 12, asked for by defendants.

These two requested instructions, which were refused, ask the court to instruct the jury to return a verdict in favor of The Zuni Mountain Lumber Company.

It will be noticed that in the several contracts that are in evidence the lands to be sold are always mentioned at between 40,000 and 43,000 acres, and it also appears in evidence that between 18,000 and 19,000 acres of the

land was the property of Eugene A. Carr, and that in this
land Clark M. Carr was interested, and of the other lands
sold 160 acres belonged to The Zuni Mountain Lumber and
Trading Company, which company also claimed to own the
timber on upwards of 11,000 acres of lands, purchased from
the Territory. This is testified to by the defendant Clark
M. Carr, and the same witness also testified that the
lands and timber sold Gordon, McFarlane and Garvin,
were the same or rather a portion of the lands mentioned
in the options to Ross and Wirtz. In view of this evi-
dence, we do not think that the court committed any error
in refusing the request  of the defendants that the jury
be instructed to return a verdict in favor of The Zuni
Mountain Lumber and Trading Company. The Carrs
were The Zuni Mountain Lumber and Trading Company,
and the purchasers of the property were brought to Clark
through the efforts of Ross, and as the timber contract from
the Territory was at the rate of $2.50 per acre, and as this
same land was sold to Gordon, McFarlane and Garvin for
$5.00 per acre, or at a profit of one hundred per cent, it
seems only fair that the party through whose efforts the
parties to the sale were brought together should have some
compensation for his work and labor.

4. We cannot find any error in the refusal of the
court to instruct the jury to find a verdict for the defend-
ants upon the ground that Gordon, McFarlane and Garvin
were not shown to be the associates of Wirtz as purchasers
within the terms of the option of December 8th, 1905.

The evidence is quite clear that Wirtz was a real estate
broker in Milwaukee, Wisconsin, and that Ross had induced
him to try and find purchasers for the lands of the de-
fendants. That at the solicitation of Ross the option was
made out in the name of Wirtz and that at the same time
in order to secure himself and make his commission cer-
tain in the event that a sale was made through Wirtz, C.
M. Carr gave him a letter agreeing to pay him a com-
mission of five per cent on the proceeds of any sale made
with J. J. Wirtz and his associates.

From an examination of the entire record, it is appar-

ent that the defendants did not expect Wirtz to join in the
purchase of the timber lands and timber contract. He
was only a real estate broker, and his business was to try
and find purchasers for the property which it was de-
sired to sell. None of the parties expected him to per-
sonally join in the purchase, nor does he claim to have done
so. For the court to have held that Ross could get no pay
for the time he had put in and the labor he had done
in trying to make a sale of this property, unless Wirtz
was one of the purchasers, would in our opinion have been
incorrect. The option to Wirtz does not provide that the
sale must be made to him, but says that either he or his
representatives must be on the lands making an examina-
tion within a limited time. The letter of the same date
given to Ross, in which his commission was agreed to,
refers to this option, and they both must be read together,
and reading them as one, it is clear that Ross was to
have a commission if the sale was made to Wirtz or his
representatives, that is, to Gordon, McFarlane and Gar-
vin, or either of them.

5. The fifth alleged error is that the court erred in
allowing plaintiff to amend the *ab damnum* clause of the
complaint, without granting the defendants the contin-
uance which they asked for.

The second count of the amended complaint sets out
on information and belief, that the purchase money paid
for said lands was about the sum of $135,000.00 and that
a reasonable compensation for the plaintiff for his work,
labor and services was 5% upon the amount. During
the trial the contract entered into between the defendants.
and the purchasers of the property was introduced in
evidence, by which it appeared that the contract price for
the lands and timber contract was $200,000.00 and upon
receiving this information plaintiff at once asked leave to
amend the complaint by changing the *ab damnum*
clause to $10,000.00 being 5% upon $200,000.00. The
court very properly granted this motion, under the pro-
vision of our code, which allows a complaint to be amend-
ed to conform to the proofs. Nor were the defendants

injured by this change, for the jury returned a verdict in favor of the plaintiff for the sum of $6,750.00, being the damages claimed by the plaintiff before the complaint was amended. The granting or refusing of a continuance as we have held, rests in the sound discretion of the court, and in the case at bar we can see no abuse of such discretion.

6. Other errors alleged are that the amount of the judgment against the defendants is excessive; and that the judgment is joint, when it should have been several.

Upon the first of these points the record discloses that the amount of the damages claimed in the amended complaint when it was first filed was $6,750.00, being 5% commission on the amount which before the trial the plaintiff thought the defendants had received for the land. On the trial the contract for the sale, was introduced in evidence, and the plaintiff then learned that the contract price as shown by the contract was $200,000.00 and the *ab damnum* clause was then amended to $10,000.00, being 5% on that sum.

Mr. Medler stated on cross examination that the only fictitious item in the $200,000.00 contract, was the sum of $51,826.00 which amount was added at the request of the purchasers. If Mr. Medler is correct in his statement, and he appears to be so, as to that being the only fictitious item set out in the contract, then the jury would have been justified in returning a verdict of something over $7,400.00. Mr. Medler arrives at his figures as is shown on page 288 of the printed transcript, by adding the sums to be paid on the General Carr land $92,885.80; the sum to be paid for the transfer of the Territorial timber contract $27,644.00—and the sum of $27,644.00—to be paid to the territory for the contract and which payment was assumed by Gordon, McFarlane and Garvin. These several amounts added together amount to the sum of $148,173.80. We think that the jury might have returned a verdict of 5% on that sum, without having committed any error, but the verdict is evidently the result of a compromise, and being less than the amount

claimed as damages, and within the sum of 5% on the amount of $148,173.80, the defendants cannot complain of it. Complainants might, if they had cared to do so, have objected to the verdict on the ground that it was not large enough.

As to the joint judgment, we need only say that the amended complaint sets out a joint liability. This question of joint liability was submitted to the jury and there was evidence before it, that the lands of The Zuni Mountain Lumber and Trading Company were included in the contract of the lands which were to be sold. Clark M. Carr was president of The Zuni Mountain Lumber and Trading Company, and the contract with the Territory for the purchase of the timber on the 11,000 acres of land stood in his name. The evidence is undisputed that Clark M. Carr, was interested with Eugene A. Carr, in the lands which stood in the latter's name, but what interest he had in it does not appear in the record.

The pleadings and the evidence we think shows that the defendants were united in interest and that each and all of them employed Ross to procure purchasers for the lands in dispute We think that the contract for the commission to be paid to Ross was a joint contract in the event of a sale being made, and being a joint contract we can see no reason why there could not be a joint judgment.

7. We have carefully examined the other alleged errors, set ont by the attorney for the defendants, and can pass upon them in but a few words.

1. Exception No. 6, that the court erroneously admitted evidence as to the transactions of plaintiff with Clark M. Carr prior to Dec. 8th, 1905.

The answer to this is, that the first cause of action set out in the amended complaint, is that in the month of June 1904, plaintiff was employed by defendants to procure purchasers for the lands, and that he continued such work to April 1906, when the lands were sold. The evidence objected to goes to sustain this cause of action, which

could not have been proved without going into the transactions which occurred prior to December 8th, 1905, and as the evidence discloses that Clark M. Carr, was the agent of the other defendants, we can see no error in the court's having allowed it to go to the jury.

2. Exception No. 7, that the court erred in excluding admissions of Wirtz as to plaintiff being entitled to a share of his, Wirtz's, commission, and in excluding from evidence certain exhibits attached to the deposition of Gordon, tending to show the share Ross was to have in such commissions.

A full examination of the record shows that in effecting the sale Ross did not act as a broker, but only as a middleman. He was instrumental in bringing the buyers and the sellers together, but was not expected to and did not take any part in the negotiations between them, and the final bargain was made without his aid or intervention. Indeed, it is in evidence that Ross did not know the price at which the land was sold until the written contract was offered in evidence. Ross, being only a middle-man, could therefore legally have taken a commission from both buyers and the sellers. McLure v. Luke, 154 Fed. 647; Knauss v. Godfried Krueger Brewing Co., 36 N. E. 867.

Holding that Ross was a middle-man and not a broker, and as his duties were performed when he brought the buyers and sellers together, the court very properly excluded any evidence as to what Wirtz may have told Gordon as to Ross being entitled to a share of the commission he was to receive. It may also be said in passing that Ross denied that he was to have or had received any part of the commission paid or to be paid to Wirtz.

3. Exception No. 8, that the court erred in excluding the evidence of E. W. Dobson, and the contract between the plaintiff, Foraker and Saint.

The appellants herein sought to prove that plaintiff. Foraker and Saint, had entered into a contract by which they were all to endeavor to make a sale of the timber lands,

and that they had agreed to divide the commission, in the event that a sale was made. It appears to us that this evidence was very properly excluded, as it had nothing to do with the case on trial. It cannot be contended that either Foraker or Saint could have maintained any action against appellants for a commission for the sale of the lands, for appellants were not parties to any agreement with them looking to such sale. If Foraker and Saint have any claim on account of the agreement which they made with Ross, for a division of the commission, they must institute proper proceedings against him for its collection. If they have a claim against Ross it certainly is not and was not a defense to this suit.

4. Exception No. 9, that the court erred in excluding the evidence of Mr. E. L. Medler as to conversations with plaintiff Ross concerning the timber contract of The Zuni Mountain Lumber and Trading Company.

The examination of Mr. Medler, begins on page 381, of the printed transcript, and from a careful reading of it, we cannot find that the court excluded evidence of Mr. Medler as to conversations he had with plaintiff Ross concerning the timber contract of The Zuni Mountain Lumber and Trading Company. All that Mr. Medler did say on this subject is in substance that the defendants, or Ross, had never spoken to him of the sale or assignment of the timber contract to Wirtz or to Gordon, McFarlane and Garvin. We think that the court very properly sustained the motion to strike out this evidence; nor do we think that exception No. 10, is well taken, for the court did not in our opinion, exclude the evidence of the witness Clark M. Carr, as to the employment of Ross, as his agent, or as to whether or not the timber contract of The Zuni Mountain Lumber and Trading Company was included in the option of December 8th.

5. Exceptions Nos. 11, 13 and 15 are too general in their nature; they are not specific, and will not be considered by us.

6. Exception No. 12, is as to the refusal of the court to give certain instructions, numbered 1, 13 and 14,

asked by the defendants, and to the giving by the court of its own motion of the instructions given by it, numbered 1 to 14, inclusive. We have examined all of the instructions, both those given and refused by the court, and have come to the conclusion that the instructions given by the court very fairly cover the law of this case, and that there is no reversible error in them.

We have given this case careful consideration, and have scrutinized the entire transcript of record with great care, and, finding no reversible error in it, the judgment of the court below is therefore affirmed; and, it is so ordered.