State v. Garcia, 26 N. M. 70.

(No. 2422.    March 19, 1920.)

## STATE v. GARCIA.

### SYLLABUS BY THE COURT.

1.    In applying for a continuance, a party, in showing efforts constituting due diligence used in obtaining witnesses, must state facts with such definiteness and certainty that the court may determine whether they amount to legal diligence.
P. 71

2.    The motion for continuance must show some probability of procuring absent witnesses or testimony, should the continuance be granted.        P. 71

3.    The granting or denying of a motion for continuance is in the sound discretion of the court, and unless such discretion has been abused, to the injury of the party applying therefor, the denial does not constitute error.        P. 71

4.    Where the evidence establishes the forgery of a bank check, it is wholly immaterial as to whether the check was ever presented for payment or not.        P. 72

Appeal from District Court, San Miguel County; D. J. Leahy, Judge.

Max Garcia was convicted of forgery, and he appeals. Affirmed.

C. N. HIGGINS, of East Las Vegas, for appellant.

O. O. ASKREN, Atty. Gen., for the State

OPINION OF THE COURT.

ROBERTS, J. Appellant was convicted of forgery and appeals. He relies upon two grounds for a reversal:

First, that the court erred in overruling his motion for a continuance. This motion was based upon the absence of two material witnesses, one of whom he alleged lived near the town of Caspar, Wyo., and the other resided in Taos county, this state. The facts which such witnesses were expected to testify to were set forth in the affidavit, but the affidavit was deficient in two particulars: (1) It did not set forth the efforts which had been put forth by appellant to obtain such witnesses. In fact, the affidavit contained no showing whatever of diligence; appellant stating simply that he had not had sufficient time to get in touch with the said witnesses and have them at the trial.

[1] A party, in showing efforts · constituting due diligence used in obtaining absent witnesses, must state facts with such definiteness and certainty that the court may determine whether they amount to legal diligence. Territory v. Anderson, 4 N. M. (Gild.) 213, 13 Pac. 21. The courts uniformly require the parties who ask a continuance on the ground of absent witnesses to show due diligence to procure the attendance of such witnesses. 13 C. J. 155.

[2, 3] The application was also insufficient, in that it did not state facts showing reasonable grounds of belief that the attendance of said alleged absent witnesses

would be procured at the next term. Appellant stated that he believed he could have said two witnesses in attendance and testify at the next term, but he set forth no facts upon which he based his belief. The motion for continuance must show some probability of producing absent witnesses, or testimony, should the continuance be granted. 13 C. J. 186. It has been uniformly held by the territorial and state Supreme Courts that the granting or denying of a motion for continuance is in the sound discretion of the court and unless such discretion has been abused, to the injury of the party applying therefor, the denial does not constitute error. Territory v. Padilla, 12 N. M. 1, 71 Pac. 1084; Mogollon G. & C. Co. v. Stout, 14 N. M. 245, 91 Pac. 724; Ross v. Carr, 15 N. M. 17, 103 Pac. 307; Perea v. Insurance Co., 15 N. M. 399, 110 Pac. 559; Territory v. Lobato, 17 N. M. 666, 134 Pac. 222, L. R. A. 1917A, 1226. There was no error in denying the motion for a continuance.

[4] Secondly, it is contended that the court erred in overruling the motion for a new trial, for the reason that the state produced no evidence to show that the said alleged bank check was ever presented for payment to the bank on which it was drawn. Appellant was charged with having forged the name of Jose M. Lucero to a bank check for $42, drawn on the Estancia State Bank. There was sufficient evidence to show that appellant had forged Lucero's name to the check, and also the name of the payee. If appellant in fact forged the name of Lucero to the check, it was wholly immaterial as to whether it had ever been presented for payment or not.

Finding no error in the record, the judgment is affirmed; and it is so ordered.

PARKER, C. J., and RAYNOLDS, J., concur.