500 P.2d 436

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Orlando LOSOLLA, Defendant-Appellant.**

**No. 836.**

Court of Appeals of New Mexico.

June 23, 1972.

Rehearing Denied Aug. 8, 1972.

Philip W. Steere, Las Cruces, for defendant-appellant.

David L. Norvell, Atty. Gen., Prentis Reid Griffith, Jr., Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HERNANDEZ, Judge.

Defendant, Orlando Losolla, was tried and convicted of violating § 54–7–51, N.M.S.A.1953 (Repl.Vol. 8, pt. 2) unlawful use of a narcotic drug. He appeals. The issues: (1) lack of advice of rights; and (2) sufficiency of the evidence.

The second issue being dispositive of the appeal, we need not consider the first.

The Information under which defendant was tried, charged "That on or about February 22, 1971, in Dona Ana County, New Mexico, Orlando Losolla and Reymundo Losolla, unlawfully used a narcotic drug, to-wit: Heroin, in violation of Section 54–7–51, NMSA1953 Compilation." Reymundo Losolla was tried separately. At the close of the State's case defendant made a " * * * motion to dismiss based upon the fact that the State has failed to prove jurisdiction of this case. The State has produced no evidence that at the time of the alleged offense the defendant was even in the State of New Mexico. * * *" The motion was denied. It was error to do so. Even though this matter was not brought up or argued on appeal, we will sua sponte raise it for consideration because it is jurisdictional. State v. Clemons, 83 N.M. 674, 496 P.2d 167 (Ct. App.1972); State v. McNeece, 82 N.M. 345, 481 P.2d 707 (Ct.App.1971).

The record does not establish where the defendant used the narcotic drug. To justify a conviction the evidence must establish every essential element of the offense charged. State v. Taylor, 14 Utah 2d 107, 378 P.2d 352 (1963); and whatever is essential must affirmatively appear from the record. Guthrie v. Commonwealth, 212 Va. 602, 186 S.E.2d 68 (1972). One of the essential elements incumbent upon the State was to establish where the offense occurred, because the law is that a crime must be prosecuted in the jurisdiction where it was committed. State v. Faggard, 25 N.M. 76, 177 P. 748 (1918).

We reverse, and because it is for a failure of proof, rather than error in the trial proceedings, the cause is remanded with instructions to discharge the defendant. State v. Malouff, 81 N.M. 619, 471 P.2d 189 (Ct.App.1970).

It is so ordered.

HENDLEY and COWAN, JJ., concur.