568 P.2d 255
**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**Harry LINAM, Defendant-Appellant.**

**No. 2699.**

Court of Appeals of New Mexico.

Aug. 2, 1977.

Writ of Certiorari Denied Aug. 24, 1977.

Jan A. Hartke, Chief Public Defender, Carol A. Koller, Asst. Public Defender, Reginald J. Storment, Appellate Defender, William H. Lazar, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Toney Anaya, Atty. Gen., Ralph W. Muxlow II, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Convicted of one count of forgery by falsely making a check and one count of forgery by issuing or transferring a forged writing, all being contrary to § 40A–16–9(A) and (B), N.M.S.A.1953 (2d Repl. Vol. 6, 1972) defendant appeals asserting: (1) that the evidence only showed an attempt to issue or transfer a forged writing; (2) the trial court erred in not giving a requested instruction on intoxication; and (3) the trial court erred in not granting a continuance.

*Attempt*

■ This issue is raised for the first time on appeal. Since it involves a question of failure of proof it is jurisdictional and may be raised for the first time on appeal. *State v. Losolla,* 84 N.M. 151, 500 P.2d 436 (Ct.App.1972).

Defendant, in the company of another, presented the check to a bank teller for cashing. The payee on the check was the same name as on defendant's driver's license. The teller was somewhat suspicious and took the check to her supervisor. The supervisor checked the signature card of the purported payor. The purported payor's signature on the check did not appear to be the same as the one on the signature card. The police were called and defendant was arrested.

Relying on *State v. Tooke,* 81 N.M. 618, 471 P.2d 188 (Ct.App.1970) defendant contends that since he received nothing for the check he is ". . . guilty of at most an attempted forgery, because there was no passing of an interest in the check." We disagree.

In *State v. Tooke,* supra, there was no transfer of rights in the check. More was to be done before the checkout clerk would accept the check. The check had to be approved by an "okayer." That was a physical transfer but not a transfer of any interest. It was a requirement of the store prior to permitting any transfer of interest. There was no expectation that the "okayer" would cash the check. No interest was intended to pass. It was nothing more than preparation.

The facts in the instant case show a complete transfer to the bank teller. The fact that the teller went to her supervisor after the transfer does not convert the crime into an attempt. The transfer of interest by the defendant had already occurred. The fact that defendant received nothing or that there was no injury or loss is immaterial. Compare *State v. Weber,* 76 N.M. 636, 417 P.2d 444 (1966).

*Instruction*

 Defendant's requested instruction on intoxication was refused by the trial court. Defendant contends that there was evidence reasonably tending to sustain the giving of the required instruction. We disagree. The fact that liquor was smelled on defendant's breath or that the odor of liquor was coming from the area where defendant and his companion were standing will not support an instruction on intoxication. We cannot equate the odor of liquor, without more, with intoxication. See *State v. Watkins*, 88 N.M. 561, 543 P.2d 1189 (Ct.App.1975).

*Continuance*

 Defendant notified the state in advance of trial that he was relying on the defense of lack of specific intent because of intoxication. A Court Clinic report was ordered by the trial court. Defendant moved for a one week continuance two days before trial because a Court Clinic report had not been received. The day of trial defendant was handed the report. The report concluded that defendant was able to form a specific intent at the time of the offense.

Defendant contends that his requested continuance should have been granted. This contention appears to be based on the fact that the report from the Court Clinic was not made by a qualified expert. · The record does not support this contention nor did the state stipulate to that fact.

The trial court did not abuse its discretion in denying the motion for a continuance. *State v. Blea*, 88 N.M. 538, 543 P.2d 831 (Ct.App.1975).

Affirmed.

IT IS SO ORDERED.

WOOD, C. J., concurs.

SUTIN, J., specially concurs.

SUTIN, Judge (specially concurring).

The majority opinion distinguishes *State v. Tooke*, 81 N.M. 618, 471 P.2d 188 (Ct.App. 1970). This is a distinction without a difference. In *Tooke*, the defendant was convicted of *attempted* forgery because the defendant presented a forged check in a store. The check-out clerk asked the "okayer" to ascertain its validity. The "okayer" had physical possession of the check. This physical transfer to the "okayer" was *not* a passing of any interest in the check. This was *attempted* forgery.

In the instant case, defendant presented the check to the *bank teller*. This *was* a transfer of interest. The defendant was guilty of *forgery*.

The "okayer" in the store, and the bank teller in the bank were virtually identical. They were store/bank agents with authority to tender money to defendants in exchange for the check. There was or there was not a transfer of interest. Both defendants would be guilty of the same offense—either attempted forgery or actual forgery.

How the physical passing of the check in *Tooke* established *attempted* forgery, and physical passing of check in *Linam* established *forgery* disturbs the judicial mind. To me the distinction is gobbledygook.

The State says:

The Court of Appeals should re-examine their decision and reasoning of *State v. Tooke, supra,* in light of U.J.I. Criminal, No. 16.34 and in light of the discussion herein.

The court gave U.J.I. Crim. No. 16.34:

For you to find the defendant guilty of forgery as charged in Count II, the State must prove to your satisfaction beyond a reasonable doubt each of the following elements of the crime:

1. The defendant gave or delivered to Albuquerque National Bank a check knowing it to have a false signature intending to injure, deceive or cheat Albuquerque National Bank or another;

2. This happened in New Mexico on or about the 21st day of May, 1976.

Committee Commentary says:

Relying on the Uniform Commercial Code for definitions, the Court of Appeals has held that this crime requires an issuing

and transfer of an interest and not merely a transfer. *State v. Tooke,* 81 N.M. 618, 471 P.2d 188 (Ct.App.1970). A transfer, etc. which does not come within the commercial law definitions is an attempted forgery. *State v. Tooke, supra.* The court must determine the commercial law question as a matter of law. . . . *The instruction requires that the jury make only a determination of the physical transfer.* [Emphasis added.]

U.J.I. Criminal became effective September 1, 1975. "This Court is to follow precedents of the Supreme Court; it is not free to abolish instructions approved by the Supreme Court." *State v. Scott,* 90 N.M. 256, 561 P.2d 1349 (Ct.App.1977). Upon this rule, I specially concur. *Tooke* has been overruled. The State need not prove as an element of its case that the defendant transferred an interest to the victim.

An attempt to commit forgery "is an act done with intent to commit such crime but which fails of completion." *State v. Lopez,* 81 N.M. 107, 108, 464 P.2d 23, 24 (Ct.App. 1969), cert. denied, 81 N.M. 140, 464 P.2d 559 (1970). When such attempt fails of completion, it should be a matter of future concern.

Other portions of the opinion need clarification but since I concur, I concur.