789 P.2d 616
**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Martha RUFFINS, Defendant–Appellant.**

**No. 18587.**

Supreme Court of New Mexico.

April 11, 1990.

Jacquelyn Robins, Chief Public Defender, Jerry Todd Wertheim, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

Hal Stratton, Atty. Gen., Margaret McLean, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

WILSON, Justice.

The court of appeals certified this matter to us, pursuant to NMSA 1978, Section 34–5–14(C) (Repl.Pamp.1981), to clarify the elements required to prove a completed forgery. We determine: (1) whether the crime of forgery requires physical delivery, the passage of interests to a holder, or delivery and the passing of interests to a holder; (2) if physical delivery is sufficient, whether the delivery must be accepted; and (3) if delivery is not sufficient, whether the common law crime of uttering is included in NMSA 1978, Section 30–16–10(B)

(Repl.Pamp.1984). We conclude that either physical delivery or the passing of an interest, whether accepted or not, is sufficient to complete the crime of forgery. Given our holding, we need not address the third issue presented.

## BACKGROUND

This case arose from the following facts. On December 18, 1986, Martha Ruffins (Ruffins), defendant-appellant, and three male companions visited an Allsups store and asked the night clerk, Pauline Halley (Halley), for directions. The four left the store and later returned. During the second visit Halley scolded Ruffins for walking behind the counter area, which was prohibited to customers. The four then left the store. After Ruffins's second visit Halley noticed her purse, which contained her checkbook, was missing and called the police.

On December 19, 1986, Ruffins and her companions visited Cook's Truck Stop (Cook's). Ruffins handed the cashier, June Sonnemaker (Sonnemaker), a two-party check to cash. Ruffins's companions indicated that she wanted to cash the check to pay for gas while they waited for food at the restaurant. The check, drawn from Daniel and Pauline Halley's account, was payable to Ruffins for $80 and was signed "Mrs. Pauline Halley." Ruffins insisted that Sonnemaker cash the check, claiming she knew the restaurant's cook and had identification. Sonnemaker refused to cash the check, gave it back to Ruffins and canceled the foursome's food order. The four then left Cook's, presumably taking the forged check with them.

Ruffins was charged with forgery and larceny under $100, based on these events. A jury acquitted Ruffins of the larceny charge, but convicted her of forgery. Ruffins was sentenced to one year imprisonment, to be served concurrently with a one year habitual offender enhancement, and two years suspended. Ruffins appealed her conviction and sentence to the court of appeals, which then certified this matter to us to resolve conflicts in New Mexico's legal requirements for a completed forgery.

## ISSUES

On appeal Ruffins claims: (1) her acts constituted attempted forgery and her counsel's failure to request such a jury instruction rendered him ineffective; and (2) the State's failure to introduce the forged check precluded her conviction. We examine each issue in turn.

## I. FORGERY

### (A) *Statutory Elements of Forgery*

Under our statute, forgery consists of:

A. falsely making or altering any signature to, or any part of, any writing purporting to have any legal efficacy with intent to injure or defraud; or

B. knowingly *issuing or transferring* a forged writing with intent to injure or defraud.

NMSA 1978, § 30–16–10 (Repl.Pamp.1984) (emphasis added). New Mexico Uniform Jury Instruction SCRA 1986, 14–1644, defines "issuing or transferring" as knowingly *giving or delivering* a false instrument to a victim, with intent to injure, deceive or cheat. A committee commentary to this instruction states that it contains all the elements of forgery and requires the jury to determine only physical delivery. The commentary also notes that the court of appeals, relying on Uniform Commercial Code (UCC) definitions of the forgery statute's terms, has held that forgery additionally requires an "issuing or transfer of an interest and not merely a physical transfer." *See also State v. Linam*, 90 N.M. 729, 730, 568 P.2d 255, 256 (Ct.App.), *cert. denied*, 91 N.M. 3, 569 P.2d 413 (1977); *State v. Tooke*, 81 N.M. 618, 619, 471 P.2d 188, 189 (Ct.App. 1970).

### (B) *New Mexico Case Law*

Several New Mexico cases construe our forgery requirements. In *State v. Tooke* the court of appeals upheld a conviction of attempted forgery where the defendant presented a forged check to a clerk to cash, and the clerk told the defendant the check must be "okayed." The defendant then physically gave the check to the "okayer," who held the check while calling "Safety Check" to verify its validity. The "okayer"

then refused to cash the check. *See Tooke*, 81 N.M. 618, 471 P.2d 188 (1970).

In applying the forgery statute to these facts, the court interpreted the statute's terms "issuing" and "transferring" to "encompass a delivery to one who is a holder with the passing of interests from one to another." *Id.* at 619, 471 P.2d at 189. In interpreting the forgery statute, the court relied on the following UCC definitions:

(1) "issue" is "the first delivery of an instrument to a holder," NMSA 1978, Section 55–3–102(1)(a);

(2) "delivery" is a "voluntary transfer of possession," NMSA 1978, Section 55–1–201(14) (Cum.Supp.1989);

(3) A check's "holder" is one who has legally acquired its possession by indorsement *or* delivery, NMSA 1978, Section 55–1–201(20) (Cum.Supp.1989); and

(4) A "transfer" occurs when an instrument vests the transferor's rights in the transferee, NMSA 1978, Section 55–3–201(1).

Based on the above considerations, the court of appeals concluded that the defendant's physical transfer of the check to the "okayer" did not pass any interests in the check. Thus, the crime of forgery was incomplete and the defendant was properly convicted of attempted forgery.

Seven years later in *State v. Linam*, 90 N.M. 729, 730, 568 P.2d 255, 256 (Ct.App.), *cert. denied*, 91 N.M. 3, 569 P.2d 413 (1977), the court of appeals upheld a defendant's forgery conviction on facts similar to those in *Tooke*. In *Linam*, the defendant physically gave a forged check to a bank teller to cash. The teller questioned the check's validity and took it to her supervisor. The supervisor compared the payor's indorsement on the check with that on the signature card, and concluded they did not match. The police were then called and arrested the defendant. The defendant argued that the evidence only supported a conviction for attempted forgery, since the facts in his case were indistinguishable from those in *Tooke*. The court of appeals disagreed and reasoned that in this case "interests" passed to the teller, who had

immediate authority to cash the check; whereas in *Tooke*, the check was referred to an "okayer" as a preparatory step to cashing the check. The fact that the teller referred the check to her supervisor did not convert the forgery into an attempt. Thus, the defendant was properly convicted of forgery.

Judge Sutin, specially concurring in *Linam*, determined that the court's distinction between *Tooke* and *Linam* was "a distinction without a difference." In his view, the defendants' actions in these two cases were virtually identical and both defendants should be guilty of the same offense. Judge Sutin reasoned that *Tooke* was overruled by the jury instruction requiring the jury to determine only physical delivery, and a transfer of interests was not required to prove forgery. *See Linam*, 90 N.M. at 731, 568 P.2d at 257.

### (C) *Clarification*

■ In our view, a forgery is completed when a defendant possessing the requisite intent: (1) falsely makes or alters a writing which purports to have legal efficacy; (2) physically delivers a forged writing; *or* (3) passes an interest in a forged writing. *See* NMSA 1978, § 30–16–10(B) (Repl.Pamp. 1984). Only the second and third methods of forgery are at issue in this case.

### (1) *Delivery*

■ Under our statute, physical delivery of a forged instrument is sufficient to constitute "issuing or transferring" a forged instrument and no "interests" need pass. Section 30–16–10(B) clearly states that a forger may either issue *or* transfer a forged writing. We agree with Judge Sutin that the defendants' actions in *Tooke* and *Linam* are indistinguishable and the crimes in each case should be the same. We further agree that Ruffins's actions in the present case are indistinguishable from those of the defendants in *Tooke* and *Linam*. In each case the defendant physically delivered a forged instrument to another for cashing, but the prospective cashiers refused to cash the check.

The court of appeals' requirement that interests must pass to complete a forgery appears to be based on the UCC's definition of "transfer" as an occurrence which vests the transferor's rights in the transferee. *See* NMSA 1978, § 55-3-201(1). By requiring both delivery *and* the passing of an interest, the court effectively substitutes the word *and* for *or* in the statutory phrase "issuing *or* transferring." *See* § 30-16-10(B). "The word 'or' is given a disjunctive meaning unless the context of the statute demands otherwise." *Public Serv. Co. v. New Mexico Pub. Serv. Comm'n*, 106 N.M. 622, 624, 747 P.2d 917, 919 (1987).

While examination of the UCC definitions is illuminating, in a criminal case it is even more important that a person of ordinary intelligence have adequate warning of what conduct is forbidden. When a statute does not define its terms, general rules of statutory construction dictate that we interpret those terms in the common, ordinary sense. *United States v. Mayberry*, 774 F.2d 1018, 1020 (10th Cir.1985), *superseded on other grounds*, 18 U.S.C. § 3013(d) (1988); *United States v. Austin*, 614 F.Supp. 1208, 1218 n. 66 (D.N.M.1985); *Security Escrow Corp. v. Taxation & Revenue Dep't*, 107 N.M. 540, 543, 760 P.2d 1306, 1309 (Ct.App.1988). Here the court of appeals, rather than the legislature, specifically defined the terms "issue" and "transfer"; thus, we look to the ordinary meanings of these words. "Issue" is ordinarily defined as the act of giving out, making available, or offering for action or distribution. *See* Webster's Third New International Dictionary 1201 (1971). "Transfer" is ordinarily defined as "the conveyance of right, title, or interest." *Id.* at 2427. Such definitions of these terms are not only consistent with those of the UCC, but accurately reflect the ordinary meanings of those terms as understood by persons of common intelligence.

■ Applying these definitions to our statute, a defendant *issues* a forged writing when he or she knowingly physically delivers the false instrument, offers the false instrument, or otherwise makes the false instrument available for action. A defendant *transfers* a forged writing when he or she knowingly conveys an interest contained in the false instrument. For instance, a stock certificate may be forged to indicate a false owner. The false owner could then transfer the ownership of the forged stock by a written assignment. Although the forged certificate itself would not be physically delivered to the party to be defrauded, the assignment of ownership would be a transfer of interest in a forged instrument, and the crime of forgery would be complete.

Therefore, a defendant may issue or transfer a forged writing either by a physical delivery of the forged instrument for action by a third party *or* by passing an interest in the forged instrument to a third party. Accordingly, we overrule *Tooke* and *Linam* to the extent they conflict with this opinion.

### (2) *Acceptance of Delivery*

■ Forgery is complete when the false instrument is issued or transferred with the requisite intent, regardless of its acceptance. *State v. Garcia*, 26 N.M. 70, 72, 188 P. 1104 (1920); 37 C.J.S. *Forgery* § 3 (1943). Our forgery statute does not require that the defendant gain, or that the prospective victim experience a loss or injury to complete the crime. *See Linam*, 90 N.M. at 730, 568 P.2d at 256. A prospective victim's refusal to accept a forged check, does not change the fact that the defendant offered it for action as genuine. In that situation, the defendant's actions would constitute forgery rather than an attempt. Thus, we conclude that acceptance of a forged instrument is unnecessary to complete the crime of forgery. We overrule *State v. Lopez*, 81 N.M. 107, 464 P.2d 23 (Ct.App.1969), *cert. denied*, 81 N.M. 140, 464 P.2d 559 (1970), to the extent it suggests otherwise.

Under our forgery statute, as clarified, Ruffins's actions constituted the completed crime of forgery and she was not entitled to a jury instruction for attempted forgery. Ruffins was not denied effective assistance of counsel. Having found that physical

delivery is sufficient to complete the crime of forgery, we need not address whether our forgery statute encompasses uttering.

## II. FAILURE TO INTRODUCE THE FORGED CHECK

Ruffins next contends that the prosecution's failure to enter the forged check into evidence at trial precludes her conviction for the offense. Ruffins relies on *Woods v. State*, 142 Tex.Crim. 569, 155 S.W.2d 615 (1941) to support her position. In *Woods*, the check was available, the State marked it as an exhibit, and a witness identified it. However, the State did not formally introduce the check into evidence, as Texas law required.

New Mexico law allows proof of a material fact by circumstantial evidence and inference. *State v. Brown*, 100 N.M. 726, 676 P.2d 253 (1984). Thus, a forged check proven by these means need not be introduced into evidence. In this case the forged check was returned to Ruffins and was not available at trial. However, Sonnemaker's description of the check's contents was sufficient proof under New Mexico law. Adopting the Texas rule would preclude convicting all forgers wise enough to regain possession of their forged checks when potential victims refused to cash them. We conclude that the State's failure to introduce the forged check at trial did not preclude Ruffins's conviction for forgery. We affirm Ruffins' conviction and sentence.

IT IS SO ORDERED.

SOSA, C.J., and RANSOM, BACA and MONTGOMERY, JJ., concur.