This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**CITY OF CLOVIS,**

Plaintiff-Appellee,

v.                                                            **NO. 29,177**

**MAISIE GAMEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Teddy L. Hartley, District Judge**

David F. Richards, City Attorney
Clovis, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Defendant argues the district court erred in denying her motion for directed

verdict and in taking judicial notice Defendant was stopped in the City of Clovis. We issued a calendar notice proposing to affirm the district court and Defendant filed a memorandum in opposition. Unpersuaded by Defendant's arguments, we affirm the decision of the district court and hold it was permissible for the district court to take judicial notice Defendant was within the city limits when she was stopped and arrested.

Defendant was arrested and charged with driving with a revoked license, a violation of a City of Clovis ordinance. [MIO 2] She pled no contest in magistrate court, reserving her right to appeal to the district court. [Id. 2]

At a trial de novo in district court, the City offered evidence one officer was "patrolling eastbound in the City of Clovis," when dispatched. [DS 2] That officer testified he intercepted Defendant at the intersection of Sixth and Sheldon, at 516 Sheldon Street, but failed to indicate Sheldon Street was located within the City of Clovis. [MIO 3] Defendant moved for a directed verdict based on lack of proof of jurisdiction. [Id.] The district court apparently sua sponte took judicial notice documents submitted by the City established jurisdiction based on the location of the streets. [DS 3; MIO 3]

Rule 11-201(B) NMRA states a court may take judicial notice of an adjudicative fact where:

B. Kinds of Facts. A judicially noticed fact must be one not subject to reasonable dispute in that it is either

(1) generally known within the community, or

(2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, or

(3) notice is provided for by statute.

The district court is permitted to take judicial notice "whether requested or not." NMRA 11-201(C). We have previously held geographical facts are a proper subject for judicial notice. *See, e.g.*, *Gallegos v. Conroy*, 38 N.M. 154, 29 P.2d 334, 336 (1934) (taking judicial notice that village is located on certain railroad); *State v. Tooke,* 81 N.M. 618, 619, 471 P.2d 188, 189 (Ct. App. 1970), *overruled on other grounds by State v. Ruffins*, 109 N.M. 668, 789 P.2d 616 (1990) (reiterating courts may take judicial notice of state and county boundaries).

Defendant's memorandum in opposition argues the geographic location of the streets in question was an improper subject for judicial notice because it could be "reasonably disputed." [MIO 4] We disagree. The district court unsurprisingly appears to have been familiar with the geography of the City of Clovis and the streets located therein. That knowledge, especially when coupled with the officer's testimony that he was patrolling in the City of Clovis when dispatched, was sufficient to remove the jurisdictional element from the realm of those facts that could be "reasonably

3

disputed."

We see no reason to disturb the district court's decision and hold the location of certain streets within the boundary of a city is the type of fact "generally known within the community."  We hold it was permissible for the district court to take judicial notice that Defendant was stopped within the city limits and affirm the district court's denial of Defendant's motion for directed verdict.  *State v. Dominguez*, 115 N.M. 445, 455, 853 P.2d 147, 157 (Ct. App. 1993) (reiterating that we will affirm the district court's denial of a directed verdict motion where there was substantial evidence to support the charge).

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:


_____
**JAMES J. WECHSLER, Judge**



_____
**MICHAEL D. BUSTAMANTE, Judge**