439 P.2d 567

**STATE of New Mexico, Plaintiff-Appellee,**

**v.**

**Leon COWLEY, Defendant-Appellant.**

**No. 82.**

Court of Appeals of New Mexico.

March 1, 1968.

Rehearing Denied March 21, 1968.

Writ of Certiorari Denied April 5, 1968.

J. R. Crouch, Las Cruces, for appellant.

Boston E. Witt, Atty. Gen., Donald W. Miller, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

SPIESS, Chief Judge.

Defendant, Leon Cowley, was convicted on three counts of the crime of forgery. He has appealed. The presence of the requisite intent to injure or defraud is not an issue on appeal. He contends in substance (1) that the facts upon which the verdicts were based do not constitute the crime of forgery; (2) that if any offense was committed, conviction should have been for the misdemeanor "misuse of credit cards", § 40–21–52, N.M.S.A., 1953; (3) that the statute, § 40A–16–9, N.M.S.A., 1953, under which defendant was charged and convicted is unconstitutional on the ground of uncertainty.

These contentions, in our opinion, are without merit and the conviction should be affirmed.

The evidence material to this appeal and upon which the conviction on the first count was based follows. Defendant was the operator of a motor vehicle service station. On December 24th, 1965, a customer purchased a quantity of gasoline at the station for the sum of $2.95. In making the purchase the customer used an oil company credit card. The quantity of gasoline purchased and the purchase price of $2.95 were entered upon an invoice which was signed by the customer. A copy of the invoice reflecting the entries was delivered to the customer, the original was retained by the filling station operator.

Thereafter and without the customer's consent or authority certain items which had not been purchased by him were entered upon the original invoice and the total charge changed from $2.95 to $22.95.

The same factual situation except as to amounts, items charged and identity of the customer is present as to the remaining counts upon which conviction was had.

Defendant first argues that the crime of forgery is not established where

"the state of New Mexico's own evidence is only to the effect that defendant made false statements in a genuine document". The forgery statute, § 40A–16–9, N.M.S.A., 1953, insofar as applicable provides:

"Forgery consists of:

A. falsely making or altering any signature to, or any part of, any writing purporting to have· any legal efficacy with intent to injure or defraud; or * * *"

To our mind the unauthorized addition to the invoice of items not purchased by the customer and a change of the amount which the customer had directed to be charged to his account from the sum of $2.95 to $22.95 constituted an alteration of the instrument.

The "false statements" as defendant has termed his acts amount to altering the instrument in the sense in which the word is used in the statute, § 40A–16–9, supra.

■ Contrary to defendant's view it appears to be clear from the language of the statute that the unauthorized alteration of a genuine instrument, of the kind contemplated by the statute, with the requisite fraudulent intent, is forgery under § 40A–16–9, supra. See: People v. Nesseth, 127 Cal.App.2d 712, 274 P.2d 479, (1954); Buck v. Superior Court, 232 Cal.App.2d 153, 42 Cal.Rptr. 527, 11 A.L.R.3rd 1064, (1965); cert. denied 382 U.S. 834, 86 S.Ct. 77, 15 L.Ed.2d 77; Lincoln Bldg. & Loan Ass'n v. Cohen, 292 Ky. 234, 165 S.W.2d 957, (1942); Nix v. State, 20 Okl.Cr.R. 373, 202 P. 1042, 26 A.L.R. 1053, (1922); 2 R. Anderson, Wharton's Criminal Law and Procedure, § 632.

We do not consider Territory v. Gutierrez, 13 N.M. 312, 84 Pac. 525, (1906), which defendant has cited to be applicable here. In the *Gutierrez* case a notary public was charged with forgery by the making of a certificate of acknowledgment the contents of which were in part untrue. The question presented as stated by the court is whether a notary public who makes a certificate of acknowledgment of a deed or other instrument required by law to be acknowledged, the contents of which are un-

true, is guilty of falsely making a certificate which may be received as legal proof under the statute.

In *Gutierrez* the notary inserted false statements in his notarial certificate and was charged with the crime of forgery, whereas in the instant case the charge involved the fraudulent alteration of a valid instrument of another person. There is no similarity of facts between *Gutierrez* and the case under consideration, nor was a like statute involved.

■ Defendant next contends that he was erroneously charged and tried under the forgery statute, § 40A–16–9, supra. He says that based upon the facts alleged and the proof adduced he should have been charged and tried for the misdemeanor "Misuse of credit card", § 40–21–52, N.M.S.A., 1953. The material portion of this statute is as follows:

"A 'credit card' is an identification card issued by a business organization to a holder to permit him to purchase or obtain goods or services on the credit of the organization. It is a misdemeanor for any person to use, knowingly, for the purpose of obtaining credit, goods or services, a credit card:

A. Which has not been issued to him and which is not used with the consent of the one to whom it has been issued; or * * *"

It becomes apparent from a reading of this statute that it is not applicable. Defendant here was charged with falsifying an invoice or receipt so as to reflect a sale which had not occurred. He was not charged, nor do the facts show that he had obtained credit, goods or services, the elements of § 40–21–52, supra. The acts upon which this prosecution was based are clearly not within the scope of the so-called "credit card statute".

The rule which defendant undertakes to apply here, namely, "conflicts between general and specific statutes are resolved by giving effect to the specific statute" and supporting cases are inapplicable for the reason, as we have stated, that the facts

upon which the prosecution was based are not those to which the specific statute (§ 40–21–52, supra,) applies.

■ Defendant finally attacks the validity of the forgery statute upon the ground that the phrase "legal efficacy" is unconstitutionally vague and uncertain. No case is cited to us nor has one been found by us where it has been held that the phrase "legal efficacy" as applied in a forgery statute to a writing is so vague and uncertain in meaning as to offend constitutional requirements of certainty. The phrase when applied to a writing is well understood in the law of forgery. It means an instrument which upon its face could be made the foundation of liability. Also, an instrument good and valid for the purpose for which it was created. See: Girdley v. State, 161 Tenn. 177, 29 S.W.2d 255, (1930); Nix v. State, supra; State v. Cordray, 200 Mo. 29, 98 S.W. 1, (1906); State v. Talip, 90 W.Va. 632, 111 S.E. 601, (1922).

Bishop on Criminal Law, 9th Edition, Volume 2, § 533, relating to forgery treats the phrase "legal efficacy" as synonymous with legal validity. See also 2 R. Anderson, Wharton's Criminal Law & Procedure, § 641. In our opinion there is no substance to the contention that the phrase "legal efficacy" is so uncertain or vague as to render the statute unconstitutional.

Judgment of the district court is affirmed.

It is so ordered.

OMAN and ARMIJO, JJ., concur.