1999-NMCA-065

981 P.2d 295

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**John STEIN, Defendant–Appellant.**

**No. 19074.**

Court of Appeals of New Mexico.

April 19, 1999.

Patricia A. Madrid, Attorney General, James Bell, Assistant Attorney General, Santa Fe, for appellee.

Phyllis H. Subin, Chief Public Defender, Christopher Bulman, Chief Appellate Defender, Robert Waterworth, Assistant Appellate Defender, Santa Fe, for appellant.

## OPINION

HARTZ, Judge.

{1} This is another unfortunate case in which enactment of a well-intentioned statute has created a trap for the unwary prosecutor. *See State v. Trujillo*, 1999–NMCA–003, 126 N.M. 603, 973 P.2d 855.

{2} In 1995 the State Legislature expressed its concern with the tragedy of domestic violence by enacting the Crimes Against Household Members Act, NMSA 1978, §§ 30–3–10 to –16 (1995) (hereafter "CAHMA"). The statute created the offenses of assault against a household member, Section 30–3–12; aggravated assault against a household member, Section 30–3–13; assault against a household member with intent to commit a violent felony, Section 30–3–14; battery against a household member, Section 30–3–15; and aggravated battery against a household member, Section 30–3–16. The elements of these offenses were taken from longstanding statutes prohibiting assault and battery. *See* NMSA 1978, §§ 30–3–1 (1963) (assault); 30–3–2 (1963) (aggravated assault); 30–3–3 (1977) (assault with intent to commit a violent felony); 30–3–4 (1963) (battery); 30–3–5 (1969) (aggravated battery). The chief difference is that CAHMA added as an element that the victim be a "household member" of the assailant. For example, the offense of battery against a household member, *see* § 30–3–15, is identical to the offense of simple battery, *see* § 30–3–4, except that the victim must be a "household member." The penalties are the same under Sections 30–3–4 and 30–3–15.

{3} In the case before us on appeal the State proved that Defendant had battered his daughter. But rather than prosecuting Defendant under the simple battery statute, the State charged him with battery against a household member. As we shall see, however, the child of the batterer is not a "household member" under the definition in CAHMA. *See* § 30–3–11. Therefore, the State did not prove all the elements of the charged offense, and Defendant's conviction must be reversed.

## I. BACKGROUND

{4} The incident in question occurred on February 21, 1996. Defendant was a divorced father of two daughters: Yvonne, 13, and Danielle, 11. Both daughters, who lived with their mother, were visiting Defendant. While playing a game of catch, Yvonne struck Danielle in the head with the ball and Danielle began to cry. Defendant told Yvonne to apologize for striking Danielle. Yvonne apologized.

{5} Defendant testified at trial as follows: Viewing Yvonne's apology to Danielle as insincere, he asked Yvonne in a joking way whether she would let Danielle hit her with the ball in return. Yvonne became enraged and began screaming at Defendant not to touch her, saying that she hated him and that she never wanted to see him again. Defendant told Yvonne to go to his bedroom, but she argued that she did not have to do what he said. He led her to the bedroom and tried to close the door behind her. While he was struggling with her to pull the door shut, Yvonne's own hand slipped from the door and hit her face. Defendant then entered the room to confront Yvonne. She yelled obscenities at him and backed up into the closet. Defendant told her that she was to stay in the closet until he returned. Defendant did not touch Yvonne to make her stay in the closet nor did he throw her against the wall. Yvonne tried to get out of the room, saying that she was going to run away, and punched Defendant in the chest with her fist as hard as she could. In response, he slapped her upper arm "not that hard" with his open hand and told her that he would slap her in return for each blow she delivered to him. After Yvonne struck Defendant with a small metal pole, the exchange of blows and slaps ceased. Defendant described his conduct as a "human reaction" and a disciplinary measure.

{6} Yvonne's testimony described a rather different incident: Defendant threw her against the wall during the initial confrontation. His hand, not her own, slipped from

the door during the struggle and struck her. He yelled obscenities at her, spat on her face, and bumped her into the closet with his chest. She never struck Defendant or hit him with a pole. He never told her that he would slap her for each time she hit him. She never called Defendant names, although she did tell him to "shut up." She was in fear of Defendant and continually asked him to stop hitting her.

{7} After a non-jury trial in metropolitan court, Defendant was found guilty of battery against a household member. He appealed to district court on the ground that the trial court had improperly excluded testimony from a neighbor who had overheard the incident. The district court affirmed the judgment and sentence. Defendant now appeals to this Court. He argues two issues in his brief-in-chief: (1) his conviction is based on insufficient evidence because the alleged victim, his minor child, is not within the statutory definition of a "household member" in CAHMA; and (2) the trial court's exclusion of Defendant's witness violated his due process right to present a defense. The State responds in its answer brief that (1) Defendant failed to preserve for review the question whether Yvonne was a "household member" because he raised the issue for the first time in his brief on appeal to this Court, (2) Defendant's minor daughter was a "household member," and (3) the trial court properly excluded the testimony. We hold that Yvonne was not a "household member" and that Defendant did not have to preserve the issue below. Because the conviction must be set aside for lack of sufficient evidence, we need not address whether the trial court properly excluded Defendant's witness.

## II. *ANALYSIS*

### A. *Preservation*

{8} Defendant argues that his conviction under CAHMA cannot stand because his daughter was not a "household member" within the applicable statutory definition. The State counters that Defendant failed to preserve this issue below. It asserts that if Defendant had argued the matter in the metropolitan court, the State could have amended the complaint to charge Defendant under

the simple battery statute, Section 30–3–4, which punishes the same behavior without requiring that the victim be a household member. Although we express no view regarding whether Defendant's conduct would constitute a violation of Section 30–3–4, we can appreciate the State's frustration.

{9} Nevertheless, this Court can review a question not preserved below if it involves "fundamental error or fundamental rights of a party." Rule 12–216(B)(2) NMRA 1999. No error is more fundamental than the conviction of an innocent person, and no right of a party is more fundamental than the right not to be convicted when innocent. Accordingly, we have held that the question of sufficiency of the evidence to support a conviction may be raised for the first time on appeal. *See State v. Linam*, 90 N.M. 729, 730, 568 P.2d 255, 256 (Ct.App.1977), *overruled on other grounds by State v. Ruffins*, 109 N.M. 668, 789 P.2d 616 (1990). We proceed to determine whether the evidence at trial could support a conviction under Section 30–3–15.

### B. *Definition of "Household Member"*

{10} Defendant was charged with violating Section 30–3–15(A), which states:

Battery against a household member consists of the unlawful, intentional touching or application of force to the person of a household member, when done in a rude, insolent or angry manner.

The applicable definition of "household member" appears in Section 30–3–11. It states:

As used in the Crimes Against Household Members Act, "household member" means a spouse, former spouse or family member, including a relative, parent, present or former step-parent, present or former in-law, a co-parent of a child or a person with whom a person has had a continuing personal relationship. Cohabitation is not necessary to be deemed a household member for the purposes of the Crimes Against Household Members Act.

Defendant contends that this definition does not include minor children of the accused. We agree.

{11} On its face, the statutory definition of "household member" would appear to encompass a child of the accused. The definition includes "a family member," "a relative," and "a person with whom a person has had a continuing personal relationship ." A closer examination, however, reveals that the legislative intent was to exclude children.

{12} First, we find it noteworthy that the statutory definition omits a specific reference to children. It mentions "spouse" and "former spouse," even "step-parent" and "co-parent of a child." When the types of domestic abuse that have received the most media attention are spousal abuse and child abuse, one can infer that the Legislature acted purposefully when its definition explicitly mentions the former but not the latter.

{13} Second, and in our view determinative, the statutory history of CAHMA indicates that the Act was not intended to encompass assaults on one's own children. The pertinent course of proceedings during the Legislature's 1995 Session is striking. Before discussing the events in more detail, we summarize what happened. The Legislature enacted four definitions of "household member." Chapter 221, which includes all the provisions of CAHMA, provides one definition of the term. Chapter 23, entitled "Relating to Criminal Law; Defining Household Member in Certain Sections of the Criminal Code, the Criminal Procedure Act and the Family Violence Protection Act," amended the definitions of "household member" in three other statutes: Section 30–3A–3(C) of the Harassment and Stalking Act; Section 31–1–7(A) of the Criminal Procedure Act (permitting warrantless arrest for assault or battery upon a household member); and Section 40–13–2(D) of the Family Violence Protection Act. The four definitions are virtually identical except that the three definitions in Chapter 23 include the word "child" within the definition. House Bill 512, which became Chapter 221, originally included "child" within the definition, but the word was deleted by amendment on the House floor.

{14} To explain the specific events in the enactment of the statutory definitions, we begin with one of the end products. Chapter 23 includes the following definitions of "household member":

> In the Harassment and Stalking Act:
>
> As used in this section, "household member" means a spouse, former spouse, family member, including a relative, parent, present or former step-parent, present or former in-law, *child* or co-parent of a child, or a person with whom the threatened person has had a continuing personal relationship. Cohabitation is not necessary to be deemed a household member for the purposes of this section.

1995 N.M.Laws, ch. 23, § 1 (codified at NMSA 1978, § 30–3A–3(B) (1995)).

> In the Criminal Procedure Act:
>
> As used in this section, "household member" means a spouse, former spouse, family member, including a relative, parent, present or former step-parent, present or former in-law, *child* or co-parent of a child, or a person with whom the victim has had a continuing personal relationship. Cohabitation is not necessary to be deemed a household member for purposes of this section.

*Id.* § 2 (codified at NMSA 1978, § 31–1–7(A) (1995)) (emphasis added).

> In the Family Violence Protection Act:
>
> "[H]ousehold member" means a spouse, former spouse, family member, including a relative, parent, present or former step-parent, present or former in-law, *child* or co-parent of a child, or a person with whom the petitioner has had a continuing personal relationship. Cohabitation is not necessary to be deemed a household member for purposes of this section. . . .

*Id.* § 3 (codified at NMSA 1978, § 40–13–2(D) (1995)) (emphasis added).

{15} Chapter 23 originated as Senate Bill 512. The three enacted definitions of "household member" were identical to the definitions in the original bill except that on February 13, 1995, the Senate Judiciary Committee amended each of the definitions in Senate Bill 512 to insert the words "present or former step-parent, present or former" before the word "in-law." *The Senate Journal*, 42nd Legislature, 1st Sess., L.D. 13, at 195 (Feb. 13, 1995).

{16} Chapter 221 originated as House Bill 512. Introduced in the House on February 3, 1995, it originally defined "household member" as follows:

> A spouse, former spouse or family member, including a relative, parent or in-law, *child*, or co-parent of a child or a person with whom a person has had a continuing personal relationship. Cohabitation is not necessary to be deemed a household member for the purposes of the Crimes Against Household Members Act.

H.B. 512, 42nd Legislature, 1st Sess. (N.M. 1995) (emphasis added). The bill was amended twice before passage. First, on February 22 the House adopted an amendment deleting the word "child" from the definition. *The Journal of the House of Representatives*, 42nd Legislature, 1st Sess.L.D. 23, at 298 (Feb. 22, 1995). Second, on March 14 the Senate Judiciary Committee amended the definition in House Bill 512 to conform to its February 13 amendments to the definitions in Senate Bill 512; the words "or in-law" were replaced by ", present or former step-parent, present or former in-law." *The Senate Journal*, 42nd Legislature, 1st Sess. L.D. 36, at 665 (March 14, 1995). Despite this amendment, however, the Senate Judiciary Committee did not reinsert "child" in the definition, even though doing so would have made the definition identical to those in Senate Bill 512.

{17} In our view, this series of actions renders inescapable the conclusion that the omission of the word "child" in CAHMA's definition of "household member" was substantive and purposeful. Given the efforts of the Legislature, particularly the Senate Judiciary Committee, to conform the four definitions of "household member" to one another in all other respects, we cannot believe that the omission of the word "child" was merely a stylistic effort to delete unnecessary verbiage from the definition.

{18} We acknowledge that we can only speculate upon the reason for the omission of the word "child" from the definition in CAHMA. But one clue is that CAHMA is the only one of the four statutes that makes it an offense to do something to a household member. The term "household member" appears in the Harassment and Stalking Act only because an element of the offense of stalking is that the offender "intend to cause a reasonable person to fear for his safety or the safety of a household member." NMSA 1978, § 30–3A–3(A) (1997). The definition of "household member" is relevant to the Criminal Procedure Act only because the Act authorizes the warrantless arrest of one who "has committed an assault or a battery upon a household member." Section 31–1–7(A). The Family Violence Protection Act does not create any offenses but provides means to protect victims of domestic violence, such as orders of protection. *See* NMSA 1978, § 40–13–5 (1993).

{19} In contrast, including the word "child" in CAHMA's definition of "household member" would mean that CAHMA would prohibit assaults and batteries on one's child. For example, battery against a household member would encompass "the unlawful, intentional touching or application of force to the person of [one's child], when done in a rude, insolent or angry manner." Section 30–3–15(A). Some legislators may have been concerned that the new offenses would conflict with the child abuse statute, *see* NMSA 1978, § 30–6–1 (1997), or would abrogate the limited privilege of parents to impose physical discipline on their own children, *see generally* Paul H. Robinson, 2 *Criminal Law Defenses* § 144 (1984); Kandice K. Johnson, *Crime or Punishment: The Parental Corporal Punishment Defense—Reasonable and Necessary, or Excused Abuse?* 1998 U.Ill. L.Rev. 413; *cf. Restatement (Second) of Torts,* § 147 (1965) (parent is "privileged to apply such reasonable force ... upon his child as he reasonably believes to be necessary for its proper control, training, or education"). In any event, the Legislature's choice is clear. The offense of battery against a household member does not encompass battery against one's own child.

{20} Hence, the State failed to prove that Defendant violated Section 30–3–15. His conviction must be reversed.

### III. *CONCLUSION*

{21} For the above reasons, Defendant's conviction is reversed.

{22} **IT IS SO ORDERED.**

BUSTAMANTE, J., concurs.

ARMIJO, J., specially concurs.

ARMIJO, Judge, specially concurring.

{23}  Domestic violence is a category of crime which bears not only upon the family unit but, ultimately, upon society as a whole. The Crimes Against Household Members Act (CAHMA) evolved in very recent years in part because of our society's awareness of family violence and its profound impact. Our decision today removes a child from the protected class of victims—that is, the family or household unit—solely because of his or her relationship to the alleged perpetrator. As the majority has noted, much effort has been expended in recent years to combat domestic violence. The consequence of today's decision speaks to one failure of this effort: the lack of consistency and standardization in the manner in which family violence is prosecuted. While the minor child of an alleged perpetrator is excluded, presumably other relatives, which may include children, are not. The majority fails to address these practical implications.

{24}  I specially concur in the majority's opinion solely because I believe it reasonable to infer that the Legislature acted purposefully when its definition of household member in the CAHMA omitted any reference to "child." However, I do not speculate, as does the majority, as to the reasons for this omission.